UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Willie Frazier, | ) | C/A No. 4:09-302-JFA-TER |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | AMENDED ORDER |
| Warden Stevens, | ) | |
| Respondent. | ) | |

Petitioner Willie Frazier, a state prisoner proceeding without assistance of counsel, seeks habeas corpus relief under 28 U.S.C.§ 2254.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted because the petition is untimely. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

Recommendation, which was entered on the docket on October 21, 2009. Petitioner filed timely objections to the Report.

THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Magistrate Judge agrees with the respondent's contention that the § 2254 petition must be barred because it was not timely filed under the one-year statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 ("AEDPA"). In addition, the Magistrate finds no showing by the petitioner that would entitle him to equitable tolling.

The AEDPA provides a one-year statute of limitations period on the filing of a § 2254 action. Subsection (d) of the statute reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the

exercise of due diligence.

(2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

PROCEDURAL BACKGROUND

The petitioner is an inmate at the South Carolina Department of Corrections serving a Life sentence after a jury convicted him of armed robbery, first degree burglary, criminal conspiracy, and possession of a weapon during a violent crime. He filed a direct appeal[3] of his criminal conviction, which the South Carolina Supreme Court denied on August 23, 2000.[4] The Remittitur was entered on September 12, 2000. Therefore, the petitioner's state court conviction became final on December 13, 2000—90 days after the time expired for him to have filed a Writ of Certiorari with the United States Supreme Court. Accordingly, the one-year AEDPA limitations period for petitioner to file a federal habeas petition began to run on December 13, 2000, unless a properly filed PCR was pending to toll that time.

---

[3] Petitioner raised two issues on direct appeal: (1) Whether appellant's life without parole sentence pursuant to S.C. Code Ann. § 17-23-45 (Supp. 1988) violates the South Carolina prohibition against ex post facto laws pursuant to Article 1, Section 4 of the South Carolina Constitution; and (2) Whether appellant's life without parole sentence pursuant to S.C. Code Section 17-25-45 (Supp. 1998) violations the South Carolina prohibition against cruel and unusual punishment pursuant to Article 1, § 15 of the South Carolina Constitution.

[4] The Supreme Court affirmed the petitioner's conviction pursuant to Rule 220(b)(1), South Carolina Appellate Court Rules, and the following authorities: Issue 1 – *Sullivan v. State*, 331 S.C. 479, 504 S.E.2d 110 (1998); and Issue 2 – *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680 (1991); *State v. Washington*, 338 S.C. 392, 526 S.E.2d 709 (2000); and *State v. Wilson*, 306 S.C. 498, 413 S.E.2d 19 (1992).

THE FIRST PCR

The petitioner timely filed his first state PCR action on January 5, 2001[5] raising the following grounds:

(1) counsel was ineffective for failure to schedule a preliminary hearing prior to trial and deprived the court of subject-matter jurisdiction;

(2) counsel was ineffective for failure to challenge the makeup of the jury venire for a violation of the fair-cross section requirement on equal protection grounds;

(3) counsel was ineffective for failing to disqualify the entire jury panel for cause;

(4) counsel was ineffective for failing to suppress DNA samples for independent analysis and for failing to request the service of an independent analysis to provide an independent DNA test;

(5) counsel was ineffective for failing to object to the use of the DNA results until defense could obtain independent analysis to confirm results and to make a motion in limine concerning its use;

(6) counsel was ineffective for failing to motion the court for a *Jackson v. Denno* hearing to determine if the State had intimidated the witnesses and to determine the voluntariness of the State's witnesses;

(7) counsel was ineffective for failing to make a motion in limine or make a motion to strike concerning the admissibility of the alleged rifle that was admitted into evidence;

(8) counsel was ineffective for failure to allow the defendant to introduce to the jury his alibi defense and counsel was ineffective for failing to instruct the jury on the theory of the defense;

(9) the court abused its discretion in refusing to grant a mistrial when it was

---

[5] The twenty-three days from December 13, 2000 until January 5, 2001 were not tolled for AEDPA purposes.

> discovered that the jury snuck newspapers into chambers when instructed by the court not to; and

(10) the court abused its discretion in refusing to instruct the jury on what reasonable doubt was according to the law.

On July 23, 2001, State Circuit Judge Rodney A. Peeples held an evidentiary hearing with attorney William Key, Jr. appearing on behalf of the petitioner. At the commencement of the evidentiary hearing, it appears from the transcript that all of the grounds raised in the original PCR except number nine (the newspaper in the jury room issue) were waived at the PCR hearing.

In its order filed January 23, 2002, the PCR court denied the petitioner's first PCR reasoning that under *Strickland v. Washington*, 466 U.S. 668 (1984), appellate counsel was not ineffective for failing to raise on appeal the issue about the newspaper in the jury room. The court denied and dismissed the first PCR with prejudice.

## THE SECOND PCR

On June 17, 2002, petitioner filed a second PCR. Petitioner's sole ground was "ineffective assistance of appellate counsel." In his application he urged the court to appoint counsel "so that applicant right to a PCR won't be deemed abandoned due to the fact that applicant has only one year to file this application from the date of his conviction and or appeal." Petitioner's relief sought in his second PCR was "to have [the first] PCR hearing reheard in its entirety." Counsel was then appointed for the petitioner.

In its Return to the second PCR, the respondent asserted that at that time, PCR was not available to the petitioner because the appeal of the first PCR was pending. The

5

respondent requested summary dismissal of the second PCR without prejudice until such time as the appeal was resolved. Thereafter, on January 6, 2003, the petitioner and respondent stipulated to a notice of dismissal without prejudice pursuant to SCRCP 41(a)(1)(B).

## APPEAL OF THE DENIAL OF THE FIRST PCR

The petitioner, through his first PCR counsel William Key, Jr., sought review of the denial of his first PCR by Writ of Certiorari filed on May 14, 2003. The sole issue raised in the Writ was the same issue that was brought before the PCR court: Whether appellate counsel was ineffective for failing to raise on appeal the issue (preserved by trial counsel) that a mistrial should have been ordered because the trial judge conducted a *Wasson* investigation after the jury had been charged when a newspaper was discovered in the jury room. In a one page letter dated July 8, 2004, the Supreme Court denied the petition for Writ of Certiorari. The Remititur was sent down on July 26, 2004.[6]

## THE THIRD PCR

On August 12, 2004 (following the July 26, 2004 denial of his appeal of the first PCR), the petitioner filed a third PCR which the state court denied as successive to his first PCR and barred under S.C. Code Ann. § 17-27-90.

In his third PCR petitioner raised the following Ground:

---

[6] Because his first PCR was properly filed, the period of limitations for filing a federal habeas action was tolled from January 5, 2001 through July 26, 2004.

(1) the Circuit Court lacked subject matter jurisdiction in trying him and convicting him;

In his amended application for relief filed on December 6, 2004, petitioner added another Ground:

(2) violation of his Fourteenth Amendment rights by counsel's waiving all but one of the issues set forth in the first PCR.

On June 14, 2005, petitioner amended and supplemented his third PCR again raising lack of subject matter jurisdiction claims and arguing that he did not voluntarily and knowingly waive his claims in the first PCR.

On September 28, 2007, petitioner filed a supplemental memorandum in support of his third PCR again raising the DNA issues and PCR counsel's waiver, allegedly without his consent, of all but one of petitioner's claims in the first PCR.

On February 19, 2008, Circuit Court Judge Early entered a Conditional Order of Dismissal allowing the petitioner 20 days to show why the order should not become final. On February 27, 2008 (prior to petitioner's receipt on March 11, 2008 of the Conditional Order of Dismissal), petitioner filed a Writ of Mandamus asking for the court to reconsider its refusal to appoint counsel to "handle a DNA PCR."

On March 6 or 12, 2008, petitioner filed an objection to the Conditional Order of Dismissal, again raising the issue that counsel withdrew all the issues in the first PCR without petitioner's knowledge or consent. Petitioner also alleged that Mr. Key did not discuss the withdrawal with petitioner before advising the court he wished to withdraw those issues. Petitioner argued that his third PCR should not be dismissed due to actual innocence,

fundamental miscarriage of justice, denial of counsel, and conspiracy to deny due process. It appears he also asserted a claim of after discovered evidence relating to a letter he received from S.L.E.D. in May of 2007 which the Magistrate Judge discusses in more detail in footnote 3 of his Report and Recommendation.

## SUBSEQUENT FILINGS

On March 27, 2008, the PCR court issued its final order dismissing the third PCR with prejudice based on the reasons set forth in the court's conditional order of dismissal.

On April 18, 2008, the petitioner moved the state court pursuant to SCRCP Rule 59 to amend the third PCR order, but such request was denied on April 25, 2008.

On April 23, 2008, petitioner filed a notice of appeal regarding the third PCR which the South Carolina Supreme Court dismissed on May 8, 2008 as premature due to the fact that petitioner had filed a Rule 59(e) motion.

Although the record is not clear on the filing date, the petitioner filed a Petition for Rehearing which the Supreme Court denied on December 3, 2008.

The present federal habeas petition was filed in this court on February 11, 2009.

## FINAL ORDER DENYING THE THIRD PCR

As previously noted in this order, the PCR court issued its final order dismissing the third PCR with prejudice on March 27, 2008 for the reasons set forth in the court's Conditional Order of Dismissal. The court found that the third PCR was barred as successive because (1) petitioner could have raised these allegations in his previous PCR application; (2) the petition was barred under S.C. Code Ann. § 17-27-90; and (3) petitioner failed to set

forth sufficient reasons for his failure to earlier raise the successive issues in a previous PCR application, citing *Land v. State*, 274 S.C. 243 (1980); *Aice v. State*, 305 S.C. 448 (1991).); and *Arnold v. State/Plath v. State*, 420 S.E.2d 834 (1992).

The PCR court ruled that petitioner's contention that he received ineffective assistance of counsel on his prior post-conviction relief application was not a ground for relief. The court noted that there is no constitutional right to appointed counsel for collateral review of a conviction, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Further, the court found that the contention that prior PCR counsel was ineffective is not per se a "sufficient reason" warranting a successive PCR application under § 17-27-90, citing *Aice v. State*, 305 S.C. 448 (1991).

Additionally, the state court found that under the Uniform Post Conviction Procedure Act, S.C. Code Ann. § 17-27-10 to -160, the petitioner was required to file his 3rd PCR within one year of the his conviction becoming final. According to the state court, the third PCR was filed August 12, 2004, well beyond the August 23, 2001 state court deadline.

### DISCUSSION

### STATUTE OF LIMITATIONS AND EQUITABLE TOLLING

In his objections to the Magistrate Judge's recommendation that the petition is time-barred, petitioner asserts that his first PCR became final on July 8, 2004 and his second PCR was voluntarily dismissed without prejudice on June 17, 2002. Contending that the second action remained as if it had never been filed, then on August 12, 2004 (18 days after the first PCR became final) petitioner filed his third PCR which, had it not been deemed successive,

9

might have tolled the time from August 12, 2004 to February 2, 2009. Ultimately, petitioner asserts that there were only 110 days of non-tolled time throughout the procedural history, such that he could sufficiently toll the statute of limitations and proceed with a review of his claims on the merits in this court.

On the contrary, the Magistrate Judge correctly concludes that the period of limitations for petitioner to file a federal habeas action commenced on December 13, 2000 and was tolled from January 5, 2001 through July 26, 2004 (1,298 days). The Magistrate also suggests no time was tolled from July 27, 2004 (while the second and third PCRs were filed) to February 2, 2009 when this federal habeas was filed (1,682 days), because the second PCR was voluntarily dismissed and the third PCR was dismissed as successive. As a result, the Magistrate Judge concludes that the petition is clearly time-barred.

As the Magistrate Judge notes, a state collateral attack that is not timely filed under the state statute of limitations is not a "properly filed" attack under § 2254 such that it would statutorily toll the federal limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Therefore, since his third PCR was not timely and was barred as successive, petitioner cannot statutorily toll the limitations period while his third PCR was filed and pending review by the state courts.

The AEDPA statute of limitations is, however, subject to equitable tolling. In order to invoke the doctrine of equitable tolling, a petitioner bears the burden of establishing (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. *Id*. at 418. Equitable tolling is available only in "those rare instances

where–due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

The Fourth Circuit has held in *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) that rarely will circumstances warrant equitable tolling:

> "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result."

Here, it is obvious that petitioner has diligently pursued his rights in state court through his direct appeal, his three PCR applications, as well as through numerous appeals and applications for Writs of Certiorari and Mandamus. However, as to the second prong to warrant equitable tolling, the court does not find that petitioner's circumstances, external or individual, are such to create a gross injustice.

In his objections to the Report, the petitioner next contends that the reason he filed the second and third PCRs was because his PCR counsel involuntarily and without his full knowledge and acceptance waived all of his Grounds, except one, during the PCR hearing.

11

Therefore, he argues, that since the claims in his first PCR were not ever formally presented to or ruled upon during the PCR hearing, that they are really not successive in the third PCR.

In accordance with the provision of § 17-27-90, the South Carolina Supreme Court is generally reluctant to consider successive PCR applications, and will do so only if it was not possible for the applicant to raise the issue in his first application. *See Aice v. State*, 305 S.C. 448 (1991). The South Carolina Supreme Court has allowed successive PCR applications in only three circumstances: When the initial application was filed without the assistance of counsel, see *Case v. State*, 277 S.C. 474 (1982) (per curiam); when PCR counsel was the same as trial counsel, see *Carter v. State*, 293 S.C. 528 (1987); and when procedural irregularities were so egregious as to result in a denial of due process, see *Washington v. State*, 324 S.C. 232 (1996). The mere fact that PCR counsel was ineffective is not sufficient grounds for a successive PCR application. *See Aice*, at 448.

"A basic tenet of federal habeas review is that a federal court does not have license to question a state court's finding of procedural default, if based upon an adequate and independent state ground." *McNeill v. Polk,* 476 F.3d 206, 212, n.3 (4th Cir. 2007) citing *Barnes v. Thompson*, 58 F.3d 971, 974, n. 2 (4th Cir.1995). A state procedural rule is "adequate" if it is regularly or consistently applied by the state courts. *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988). A state procedural rule is "independent" if it does not rely on a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). "Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default

12

and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice." *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007), citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Here, it appears that the State court found the petitioner's procedural default based on an adequate and independent state ground. Moreover, this court cannot find sufficient cause and prejudice to save the petitioner from the default.

In another objection to the Report, petitioner contends that because the second PCR was dismissed without prejudice, when the State consents to the dismissal of a PCR application, the State is estopped from asserting the statute of limitations as a defense to a subsequent PCR application. As the State court has found that his petition is procedurally barred, it is unnecessary to engage in further legal discussion on the petitioner's proposed theory of estoppel.

Finally, the petitioner continues his objections and assertions that the record is void of his knowledge or consent to waive the issues in the first PCR and that these issues should have been heard as a matter of constitutional law under *Brannon v. State*, 345 S.C. 437 (S.C. 2001). In *Brannon*, the court held that a waiver of the right to pursue PCR must be established by a complete record, and may be accomplished by colloquy between court and defendant, court and defendant's counsel, or both. During the PCR evidentiary, the waiver colloquy took place between the court and defendant's counsel. The court did not specifically ask the defendant on the record if he agreed to the waiver. Rather, the court conferred with counsel as to the defendant's understanding of the waiver. This court has

reviewed the transcript of the PCR hearing and notes the following relevant portions:

\* \* \*

COURT: ...and we are here today the Applicant alleges he was in custody unlawfully for counsel's failure to schedule a preliminary hearing, failing to challenge, make up a jury venire, failing to disqualify the entire jury panel for cause, failing to suppress DNA samples, failing to object to the use of DNA, failing to file a motion for *Jackson v. Deno* suppression hearing, failing to make a motion in limine to strike concerning the admissibility of [the] alleged rifle, failure to allow the defendant to introduce to the jury his alibi defense, the court abused its discretion for refusing the ground of a mistrial when it was discovered the jury snuck newspapers into chambers and was instructed by the Court not to do so, the trial Court abused its discretion by refusing to instruct the jury on what reasonable doubt is according to the law. Are there any other or further allegations or any amendments, Mr. Key, that you wish to offer, please?

KEY: Yes, Your Honor. We'd like to refine all of the issues down to one issue: ineffective assistance of appellate counsel.

COURT: And have you advised your client, Mr. Key, that if these other issues are withdrawn so to speak that they will be with finality and dismissed with prejudice, that he cannot at a later time raise those issues before this court in a post-conviction relief proceeding?

KEY: Judge, I have advised him of that, and of course you have just advised him of that again.

COURT: And in your opinion does he understand it?

KEY: Yes, Your Honor.

COURT: And does he knowingly and voluntarily waive the presentation and giving up the right to pursue those issues?

KEY: Yes, Your Honor.

COURT: All right. I have no problem with that. Shall we proceed?

14

***

PCR Hearing Tn. at 4.

PCR counsel, Mr. Keys, later proceeded with direct examination of petitioner's trial counsel, Mr. I.S. Leevy Johnson, specifically limiting the questioning to the circumstances surrounding the trial judge's alleged error in his handling of the newspaper in the jury room issue and appellate counsel's failure to raise this issue on appeal.

Near the end of the PCR hearing, Mr. Johnson made the following remark to the Court on the record:

> Your Honor, you inquired of Mr. Frazier about his decision to abandon the issues that were directly impacted on me outlined in his petition. I want to disclose to the court, before the hearing was held, I went back to the holding room and spoke to Mr. Frazier and Mr. Key. Subsequently, I spoke to his family and indicated to them that I was not offended or upset about the allegations against me and that if he should proceed with his attack on me, if he thought they were meritorious, because I was not ...it wouldn't hurt me at all...and as Mr. Key has indicated he made the conscious and voluntary decision to waive his right to those allegations about me being ineffective, and I still stand by that. I don't want him to give up any allegations that he has against me because I don't know how he feels about me now, but after the trial was over and we went back to the holding area and he thanked me profusely for the vigorous manner in which I had represented him. And so in the presence of open court I want him to know right now if he thinks I did something wrong, put it on me.

PCR Hearing Tn. at 27.

The petitioner could have raised his concerns about the waiver after Mr. Johnson's statement before the PCR court, but he did not do so. From the PCR hearing colloquy, the court is not convinced that petitioner did not unknowingly waive his right to the other issues raised in the first PCR application. His trial counsel, Mr. Johnson, also confirmed in his testimony that petitioner made the conscious and voluntary decision to waive his right to the allegations of ineffective assistance of trial counsel.

As such, this court cannot find sufficient cause and prejudice to overcome petitioner's procedural default. Further, his petition is clearly time-barred.

## CONCLUSION

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. The respondent's motion for summary judgment is hereby granted and the petition is dismissed as untimely under § 2244(d)(1). Petitioner's motion for summary judgment is denied.

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322,

336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

    IT IS SO ORDERED.

March 12, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge